McCooe, J. P.
(dissenting in part). I agree with the trial court in finding a breach of lease but disagree with its awarding a total rent abatement. I disagree with the majority’s finding that the tenant abandoned the premises which was a necessary element of its conclusion that a constructive eviction was effected.
*323 The trial court granted a total rent abatement on a breach of lease theory. Damages resulting from a breach of a duty to repair is not an excuse for a nonpayment of rent. (See, 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 18.30 [3d ed].) The independent obligation to pay rent continues so long as tenant remains in possession and is not suspended because of the landlord’s alleged failure to make certain repairs on the premises. (400 Madison Ave. Ltd. Partnership v Etno, Inc., NYLJ, Apr. 27, 1994, at 24, col 5.) The damages recoverable for a breach of a covenant to repair are measured by contract damages, or the diminution in the rental value of the leased premises. (74 NY Jur 2d, Landlord and Tenant, § 113.) The trial court awarded a total rent abatement without any calculation of the damages actually incurred.
The majority finds a constructive eviction although the trial court did not make any such factual finding. A constructive eviction requires a showing that the tenant abandoned the premises due to the wrongful acts of the landlord which deprived it of the use and enjoyment of the premises. (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77.) There was no physical abandonment of the premises by the tenant, only an alleged delay in opening the restaurant. Renovations were continuing during the period in dispute which indicated an intent to remain rather than to abandon the premises. Furthermore, the abandonment must take place without unreasonable delay, a fact not present here. (GSL Enters. v Bella Carla Fashions, NYLJ, Aug. 28, 1996, at 22, col 2.)
The issue is what constitutes an abandonment. The functional loss of all or part of the premises does not constitute an abandonment. (Parkchester Apts. Co. v Metropolitan Retail Recovery, NYLJ, Nov. 23, 1994, at 2, col 4.) A delay in opening the restaurant due to the fault of the landlord does not constitute an abandonment. I disagree with Manhattan Mansions v Moe’s Pizza (149 Misc 2d 43), relied upon by the majority, which is contrary to the weight of authority as to what constitutes an abandonment. In any event, the finding of abandonment in that case was based upon a pizza parlor closing a few times a week because of damage caused by leaks. Assuming, arguendo, that a temporary closing is synonymous with abandonment, even that minimal discontinuance of business is absent here.
The judgment should be modified to the extent of directing an assessment of damages for the breach of lease.
*324 Freedman and Davis, JJ., concur; McCooe, J. P., dissents part in a separate memorandum.